**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

Agnes Xie                                                        X
                 **Plaintiff,**                        X
    -against-                                              X
                                 X
Knoll Inc., Furniture Manufacture for JPMC   X **CASE#:1:16-CV-6485(PGG-DCF)**
1235 WATER ST E GREENVILLE PA 18041-46   X
                                 X **Re. Plaintiff's Motion for Reconsider**
Furniture Installer of                                       X **Order DOC 99 and 100**
J.P. Morgan Chase Bank N.A.                         X
                                 X
JLL, Inc.                                                        X
                                 X
               **Defendants.**                      X
------------------------------------------------------------X

## Plaintiff's Motion for Reconsider and Reopen Case

Plaintiff hereby respectfully request the court to reconsider the order Doc 99 granting Knoll Inc.'s

motion for judgement on the pleadings due to below:

The court did not consider plaintiff's both physical and mental incapacitation, medical records

and disability records which prevented plaintiff from being exercise her legal rights from 2014

throughout 2016, these documents were filed under seal Doc 97 on 3/21/19 after the seal order

was granted on 2/21/19 Doc 95.

The court failed to consider plaintiff's supplemental motion filed regarding equitable tolling and

equitable estoppel filed on 3/28/19 Doc 98.

                           Respectfully Submitted,

                           s/ Agnes Xie

                           Agnes Xie, Ph.D. Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that today, a copy of the foregoing was filed electronically. Notice of this filing
will be sent to all parties by operation of the Court's electronic filing system. Parties may access
this filing through the Court's system.              s/ Agnes Xie
                                   Agnes Xie, Ph.D., Pro Se
                                   Phone: (703) 421-4524
                                   Email: agnes2016law@gmail.com

1

COMPLAINT

MEMO ENDORSED:

The application is denied.  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly."  In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  The movant must show "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  Plaintiff cites no change in law or previously unavailable evidence.  As to clear error or manifest injustice, Plaintiff argues that her medical condition prevented her from "exercis[ing] her legal rights from 2014 throughout 2016."  But Plaintiff filed the Complaint on August 16, 2016 (Dkt. No. 1), and made a dozen additional submissions in 2016 (Dkt. Nos. 7, 17-18, 20-22, 24, 30-31, 33-35), and she does not explain why she could not have "describe[d]" Knoll, Inc. in the Complaint so as to "fairly apprise" Knoll that it was an "intended defendant."  Doe v. New York, 97 F. Supp. 3d 5, 18-19 (E.D.N.Y. 2015).  Plaintiff also does not explain how her condition prevented her from serving Knoll until after October 27, 2017 – more than one year after the Complaint was filed – and well outside the 120-day period to effectuate service. Bumpus v. New York City Transit Auth., 66 A.D.3d 26, 31 (2d Dep't 2009) ("[P]laintiffs were required to ascertain the identity of unknown 'Jane Doe' parties, and to serve process upon them, within 120 days from filing.").  Plaintiff's belated attempt to invoke equitable tolling (Dkt. No. 98) is therefore misplaced.  See Tuitt v. Martuscello, No. 12-CV-1003 CS PED, 2013 WL 5508385, at *3 (S.D.N.Y. Oct. 3, 2013) ("documentation Petitioner submitted established neither that he suffered from PTSD for the entire period he sought to toll, nor that the PTSD prevented him from timely filing") (emphasis added).  For all of these reasons, Xie's motion for reconsideration is denied.

SO ORDERED.

*Paul s. sandesbe*

Dated: May 15, 2020